UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JAMES D. BERRY, for himself and others                    Case No. 1:15-cv-270
similarly situated,                                       Litkovitz, M.J.
        Plaintiffs,


    vs.


HUBBARD'S TOWING, LLC, *et al.*,                          **ORDER**
        Defendants.


    This matter is before the Court on plaintiffs' motion to compel discovery and for

attorney's fees (Doc. 45), defendants' response in opposition and motion for a protective order

(Doc. 46), and plaintiffs' reply memorandum (Doc. 47).

    Federal Rule of Civil Procedure 26 permits parties to obtain discovery "regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." Fed. R. Civ. P. 26(b)(1). "Demonstrating relevance is the burden of the party

seeking discovery." *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio

1999) (citations omitted). Where a party has propounded discovery but has not received

adequate responses, that party "may move for an order compelling disclosure or discovery."

Fed. R. Civ. P. 37(a)(1).

    Plaintiffs argue that defendants' discovery responses were deficient in the following

ways:

- In responding to requests for production of documents, defendants gave the following
  response to seven requests: "See documents being sent separately." Defendants did
  not identify which of the 40 documents produced were responsive to which requests.
- Interrogatory responses did not include a signature under oath by the responding
  party.
- Interrogatory #2 asked for the name, phone number, and ownership percentage of all
  persons with an ownership interest in Hubbard's Towing, but defendants responded
  only with "David Hubbard."

- Interrogatory #15 asked "to whom did drivers report their hours worked?" Plaintiffs contend the response of "Hubbard's Towing" is inadequate because Hubbard's Towing is a legal entity, not a person.
- Interrogatory #16 asked "who calculated the amounts due to Hubbard's Towing drivers for their work?" Plaintiffs contend the response of "Hubbard's Towing" is inadequate because Hubbard's Towing is a legal entity, not a person.

(*See* Doc. 45 at 3-4). Plaintiffs certify that they attempted to resolve these discovery disputes with defendants before seeking the Court's intervention. (*Id.* at 5). Plaintiffs contend that they are entitled to an award of attorney's fees related to the work on this motion because defendants were silent in response to repeated requests for cooperation and have a history of not complying with the Federal Rules of Civil Procedure in this case. (*See id.*). As evidence of their attempts to resolve this matter informally, plaintiffs attach copies of emails between counsel. (Doc. 45-4). In these emails, plaintiffs' counsel asserted that defendants' response to the request for production of documents was deficient because defendants had failed to produce their tax returns and related tax documents. (*See id.* at 1).

Defendants respond that they sent timely responses to plaintiffs' document requests and interrogatories. (Doc. 46 at 3). Defendants contend that after a delay related to the death of defendant Carol Hubbard's brother-in-law, defendants produced "requested relevant tax documents" and "verifications." (*Id.*). Defendants argue that plaintiffs have failed to identify any specific documents that have not been produced and have failed to demonstrate the relevance of such documents. (*Id.* at 4). Defendants contend that plaintiffs' document requests 22 and 23, which seek information about defendants' ownership interests in vehicles and real estate, are not relevant because they are aimed only at determining defendants' relative wealth. (*Id.* at 4-5). Defendants argue that they complied with document request 19, which requests defendants' tax returns, by producing tax returns for Hubbard's Towing, but they contend that tax returns for the individual defendants are not relevant because they are aimed only at determining defendants'

2

relative wealth. (*Id.* at 5). Defendants contend their responses to interrogatories 2, 15, and 16 were "entirely appropriate." (*Id.*). Further, defendants argue that plaintiffs never informed them of the alleged deficiency in the interrogatory responses before filing the motion to compel. (*Id.*). Defendants move the Court to grant a protective order limiting discovery so that they are not required to produce tax returns of the individual defendants or information concerning the individual defendants' ownership interests in vehicles and real estate. (*Id.* at 6).

In reply, plaintiffs contend the business tax returns from 2012 through 2015 of Hubbard's Towing are relevant to determine whether defendants treated plaintiffs as employees or independent contractors. (*Id.* at 4). Plaintiffs assert that defendants have failed to provide the Form W-4s, Form 1099s, and Schedule Cs for the relevant period. (*Id.*). Plaintiffs contend that information concerning the individual defendants' ownership interests in vehicles and real estate is relevant to explore the possibility that defendants have transferred assets to avoid paying a judgment, in violation of the Fraudulent Transfers Act, Ohio Rev. Code § 1336.04(A)(1). (*Id.* at 5-6).

As a preliminary matter, the Court directs counsel to the undersigned's standing order on civil procedures, which encourages counsel to resolve discovery disputes by use of an informal discovery conference. The matters raised in plaintiffs' motion to compel could have been quickly resolved in such a conference without requiring the parties to go through the time and expense of formal motions practice.

As to document requests, plaintiffs' motion fails to identify any specific documents they have not received to which they believe they are entitled. (*See generally* Doc. 45).[1] However, in

---

[1] For the first time in their reply memorandum, plaintiffs argue that defendants asserted in their responses to discovery requests "17 general, boilerplate objections" that did not comply with Fed. R. Civ. P. 34's requirement that an "objection must state whether any responsive materials are being withheld on the basis of that objection." (Doc. 47 at 2) (quoting Fed. R. Civ. P. 34(b)(2)(C)). However, the Court declines to consider this argument because "a reply brief is not the proper place to raise an issue for the first time." *United Tel. Co. of Ohio v. Ameritech Servs.*,

their reply memorandum, plaintiffs indicate that they seek production of tax returns, Form W-4s, Form 1099s, and Schedule Cs for all defendants, and documents related to the individual defendants' ownership of vehicles and property. The Court finds that plaintiffs have demonstrated the tax documents for defendant Hubbard's Towing are relevant to the question of whether defendants considered plaintiffs to be independent contractors or employees. *See Am. Elec. Power Co., Inc.*, 191 F.R.D. at 136. Defendants assert that they have produced "requested relevant tax documents" for defendant Hubbard's Towing, but plaintiffs contend that they have not received all of the requested Form W-4s, Form 1099s, and Schedule Cs. (*See* Doc. 46 at 3; Doc. 47 at 4). Thus, defendants are ordered to produce—to the extent they have not already done so—the tax returns for Hubbard's Towing for tax years 2012 through 2015, including any Form 1099s or Schedule Cs for those tax years and any Form W-4s that defendants received from plaintiffs.

As to the tax, real estate, and vehicle documents that plaintiffs seek from the individual defendants, plaintiffs have failed to demonstrate the relevance of these documents. *See Am. Elec. Power Co., Inc.*, 191 F.R.D. at 136. While plaintiffs contend these documents are relevant to a "nascent" claim under the Fraudulent Transfers Act, they have not alleged such a claim in this action. Further, such a claim would be premature because no judgment has been entered against the individual defendants. Plaintiffs have not provided the Court with any authority to justify their contention that they are entitled to these documents at this time on the basis of a "nascent" claim that may never materialize. Thus, as to these documents, the motion to compel is denied, and defendants' motion for a protective order is granted.

As to Interrogatory 2, the Court finds defendants' response adequate given their representation that David Hubbard is the sole owner of Hubbard's Towing. (*See* Doc. 46 at 5).

No. 2:10-cv-249, 2011 WL 53462, at *3 n.2 (S.D. Ohio Jan. 7, 2011).

Further, even if this response was inadequate, plaintiffs did not bring this to defendants' attention before seeking the Court's intervention, as plaintiffs' counsel complained only of inadequate responses to document requests in his correspondence with defendants' counsel. (*See generally* Doc. 45-4). Thus, the motion to compel is denied as to Interrogatory 2.

As to Interrogatories 15 and 16, the Court again notes that plaintiffs did not bring the inadequacy of defendants' responses to defendants' attention before seeking the Court's intervention. (*See generally id.*). However, in the interest of forestalling continued legal wrangling between counsel on this issue that the parties have now fully briefed, the Court will rule on the matter. The Court finds that plaintiffs have the right to know the identity of the individual employee(s) or defendant(s) responsible for receiving reports of the hours that drivers worked and calculating the amounts owed to those drivers. Thus, the motion to compel is granted as to Interrogatories 15 and 16. Defendants are ordered to identify the individual employee(s) or defendant(s) who, on Hubbard's Towing's behalf, received the reports of the hours that drivers worked and calculated the amounts owed to those drivers.

As to the lack of a signature under oath by the responding party on the interrogatory responses, the Court presumes that this is what defendants are referring to when they say they sent "verifications" after a delay attributable to the death of defendant Carol Hubbard's brother-in-law. (Doc. 46 at 3). To the extent that defendants have not produced a signature under oath of the responding party, they are ordered to do so.

As to the motion for attorney's fees, an award of such fees is proper under Rule 37 in certain circumstances if the Court grants a motion to compel. However, the Court must not order an award of attorney fees if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

5

      (ii)     the opposing party's nondisclosure, response, or objection was substantially justified; or

      (iii)    other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Here, the Court has granted the motion to compel only in part. Further, as to Interrogatories 15 and 16, the Court again notes that plaintiffs did not attempt to obtain the requested responses without court action before filing the motion. (*See generally* Doc. 45-4); Fed. R. Civ. P. 37(a)(5)(A)(i). Moreover, the Court finds that an award of attorney's fees is not appropriate in this case because as noted above, this matter could have been quickly resolved through an informal discovery conference pursuant to the undersigned's standing order on civil procedures. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). Accordingly, plaintiffs' motion for attorney's fees is denied.

      Finally, as this case proceeds, the Court reminds counsel for both parties of its expectation that they will interact with each other in a spirit of courtesy, respect, and professionalism. The Court trusts that if counsel interact in this spirit going forward, judicial intervention in matters such as this will not be necessary.

      In summary, and consistent with the foregoing, plaintiffs' motion to compel discovery is **GRANTED IN PART**. Defendants are **ORDERED** to produce within ten (10) days of the date of this Order: (1) tax returns for Hubbard's Towing for tax years 2012 through 2015, including any Form 1099s or Schedule Cs for those tax years and any Form W-4s that defendants received from plaintiffs; and (2) responses to Interrogatories 15 and 16 that identify the individual employee(s) or defendant(s) who, on Hubbard's Towing's behalf, received the reports of the hours that drivers worked and calculated the amounts owed to those drivers. Plaintiffs' motion to compel is **DENIED** in all other respects. Plaintiffs' motion for attorney fees is **DENIED**.

Defendants' motion for a protective order is **GRANTED** as to the tax, real estate, and vehicle documents that plaintiffs seek from the individual defendants.

   **IT IS SO ORDERED.**

Date: 7/25/16

Karen L. Litkovitz
United States Magistrate Judge