UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES D. BERRY, for himself and others similarly situated,
    Plaintiffs,

vs.

HUBBARD'S TOWING, LLC, et al.,
    Defendants.

Case No. 1:15-cv-270
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiffs' motion for voluntary dismissal without prejudice of this action (Doc. 56), to which defendants have not filed a response in opposition. Also before the Court is defendants' motion to extend the discovery deadline (Doc. 57).

After an answer has been filed and without a stipulation of dismissal signed by all parties who have appeared, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendants, from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Grover*, 33 F.3d at 718). "In determining whether such prejudice would result, courts typically consider 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" *Id.*

(quoting *Grover*, 33 F.3d at 718, and citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)).

Here, defendants have not filed any opposition to the motion for voluntary dismissal. After consideration of the factors identified in *Bridgeport Music*, the Court finds that dismissal without prejudice is appropriate in this case. While plaintiffs' motion does not explain the need to take a dismissal, there is no evidence before the Court of excessive delay or lack of diligence on plaintiffs' part in prosecuting the action. *See Bridgeport Music, Inc.*, 583 F.3d at 953. Further, defendants have presented no evidence of extensive effort and expense related to trial preparation that would cut against dismissal without prejudice, especially as plaintiffs have filed their motion for voluntary dismissal before defendants have filed a motion for summary judgment. *See id.* Thus, based on the balance of these factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, plaintiffs' motion to voluntarily dismiss their complaint without prejudice (Doc. 56) is **GRANTED**. Defendants' motion to extend the discovery deadline (Doc. 57) is **DENIED AS MOOT**. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: 10/26/16

Karen L. Litkovitz
United States Magistrate Judge